IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-CV-00083 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| SCHOOL SUPPLY CONNECTION, INC. ET AL., | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Ex Parte Motion for Issuance of Prejudgment Order of Possession. Plaintiff asks the Court to grant it possession of certain property (the Books) currently in the possession of Defendant School Supply Connection, Inc. (SSC), and requests that the Court grant its motion immediately, asserting that it will suffer irreparable injury if the order of possession is delayed until SSC is afforded a hearing.

Plaintiff seeks this relief under Ohio's replevin statute, Ohio Rev. Code Ch. 2737, under which this Court is empowered to act by Fed. R. Civ. P. 64. Section 2737.03 of the Ohio Revised Code prescribes the requirements for such a filing. Namely, a party seeking prejudgment recovery of property must file with the Court an affidavit containing all of the following:

(A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed;

1

(B) The specific interest of the movant in property and, if the interest is based upon a written instrument, a copy of the instrument;
(C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;
(D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;
(E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property
(F) To the best of the movant's knowledge, the location of the property;
(G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgement against the property of the movant or, if so seized, that it is statutorily exempt from seizure.

In the instant case, Plaintiff has filed an affidavit executed by Eric Johnson, Chief Executive Officer for SASC. (ECF No. 3-1.) That affidavit describes the Books which Plaintiff claims and their approximate value (PageID 29–30); Plaintiff's specific interest in the Books (*id.*; *id.* at 34–38); the manner in which SSC came into possession of the Books (*id.* at 28–29); the reason that SSC's detention of the Books is wrongful (*id.* at 29–30); the use to which SSC has put the Books (*id.* at 29); the extent to which SASC will be damaged by SSC's continued detention of the Books (*id.* at 30); the location of the Books (*id.*); and a declaration that the Books were not taken for a reason enumerated in Ohio Rev. Code § 2737.03(G) (*id.*). The Court therefore finds that Plaintiff has satisfied the requirements of Ohio Rev. Code § 2737.07.

In addition, however, because Plaintiff asks the Court to issue the order of possession without notice or hearing, Plaintiff must satisfy the additional requirements imposed by Ohio Rev. Code § 2737.19. Namely, Plaintiff must establish that its motion is supported by probable cause and that it will suffer irreparable injury if the order is

2

delayed until SSC has been afforded a hearing. The Court may find that Plaintiff risks irreparable injury only if

> (1) There is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court; [or]
> (2) The value of the property will be impaired substantially if the issuance of an order of possession is delayed.

In the instant case, the Court finds that Plaintiff's Motion, in conjunction with the affidavit of Eric Johnson and associated exhibits, establishes probable cause to support the issuance of a prejudgment order of possession. With respect to irreparable injury, Plaintiff asserts that, based in part upon past conduct by SSC, "there is a present danger that SSC will conceal or dispose of the Books". (ECF No. 3-1, PageID 30.) In addition, Plaintiff asserts that, if the Books are not timely returned to it, Plaintiff will suffer "damages to SASC's business reputation and client confidence in SASC". (*Id.*) Damage to business reputation and client goodwill constitute irreparable injury under both Ohio and federal law. *See, e.g.*, *Washburn v. One Hour Air Conditioning Franchising, SPE LLC*, No. 3:21-CV-00235, 2022 WL 4481416, at *30 (S.D. Ohio 2022) (Rice, D.J.); *Budget Rent a Car Sys. v. Miles*, No. C2-04-CV-01205, 2006 WL 2373255, at *3 (S.D. Ohio 2006) (Frost, D.J.); *DK Prods v. Miller*, 2009 WL 243089, 2009 -Ohio- 436, at ¶13 (Ohio 12th Dist. Ct. App.). The Court therefore finds that Plaintiff has established that there is probable cause to believe that SASC will suffer irreparable injury if the order is delayed until SSC has been given the opportunity for a hearing.

The Court therefore **ORDERS** as follows:

Plaintiff's Ex Parte Motion for Issuance of Prejudgment Order of Possession is **GRANTED**.

Effective upon the filing by Plaintiff of the bond described below, the United States Marshal is commanded to take possession of the property herein identified and deliver it to Plaintiff's above address. If removal of the property from the place(s) in which it is detained is prohibitively costly or difficult, the Marshal shall notify this Court immediately and shall conspicuously post a notice of possession at the place(s) where the property is detained.

A description of the property to be seized is as follows: certain books, as detailed in Plaintiff's Exhibit C (ECF No. 3-1, PageID 95–109). Plaintiff shall make reasonable efforts to assist the United States Marshal in identifying the property.

The last known location of the property was in the possession of Defendant School Supply Connection Inc. (SSC) at SSC's facility at 4254 Display Lane Dayton, Ohio 45429.

The United States Marshal shall, at the time they take possession of the property, make a true inventory and appraisement of the same, which inventory they shall set forth in an affidavit and returned with this Order.

The United States Marshal shall, at the time they take possession of the property, deliver a copy of this Order of Possession to SSC or its agent. If the Marshal is unable to locate an agent of SSC, they shall leave a copy of this Order of Possession conspicuously posted at the place from which the property was seized.

Pursuant to Ohio Rev. Code § 2737.10, this Order shall not be effective until Plaintiff files with the Court a bond to Defendant in the amount of Three Million Dollars ($3,000,000.00) to the effect that, should judgment be issued against Plaintiff, Plaintiff will return the property taken or pay the value so assessed, at the election of SSC, and also pay the damages suffered by SSC as a result of the taking and detention of, and any injury to, the property and costs of the action. The cost of the bond shall be taxed as costs.

Pursuant to Ohio Rev. Code § 2737.11, SC may recover possession of the subject property by filing with the court a bond in the amount of Three Million Dollars ($3,000,000.00) to the effect that, if judgment is issued against SSC, SSC will return the property detained or pay the value assessed, at the election of Plaintiff, and will also pay the damages suffered by Plaintiff as a result of the detention of and any injury to the property, and the costs of the action. In lieu of the bond, SSC may deposit with the Clerk of the Court cash in the amount of One Million Five Hundred Dollars ($1,500,000.00).

A certified copy of this Order shall constitute authority for the United States Marshal to proceed as directed above.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

5

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).