IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-CV-00083 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SCHOOL SUPPLY CONNECTION, INC. ET AL., | : | |
| | : | |
| Defendant. | : | |

# OPINION AND ORDER

This matter is before the Court on Plaintiff's Ex Parte Motion for Issuance of Prejudgment Order of Attachment. Plaintiff asks the Court to order the immediate attachment of certain kits and materials (the Kits) currently in the possession of Defendants School Supply Connection, Inc. (SSC), Timothy Peyton, and Aplus Science (Aplus), and requests that the Court grant its motion immediately, asserting that it will suffer irreparable injury if the order of attachment is delayed until Defendants are afforded a hearing.

Plaintiff seeks this relief under Ohio's attachment statute, Ohio Rev. Code Ch. 2715, under which this Court is empowered to act by Fed. R. Civ. P. 64. Section 2715.03 of the Ohio Revised Code prescribes the requirements for such a filing. Namely, a party seeking prejudgment attachment of property must file with the Court an affidavit containing all of the following:

> (A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;
> (B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;
> (C) A description of the property sought and its approximate value, if known;
> (D) To the best of plaintiff's knowledge, the location of the property;
> (E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution.
> (F) If the property sought is in the possession of a third person, the name of the person possessing the property.

In the instant case, Plaintiff has filed an affidavit executed by Eric Johnson, Chief Executive Officer for SASC. (ECF No. 4-1.) That affidavit contains the nature and amount of Plaintiff's claim (ECF No. 4-1, PageID 143); an allegation that Defendants assigned, removed, disposed of, or are about to dispose of the Kits in order to defraud Plaintiff, a creditor, which actions constitute grounds for attachment under Ohio Rev. Code § 2715.01(A)(9) (*id*. at PageID 146); a description of the Kits and their approximate value to the extent reasonably ascertainable to Plaintiff (*id*. at PageID 224–30); the location of the Kits (*id*. at PageID 146); the use to which Defendants have put the Kits (*id*. at PageID 145–46); a declaration that the Kits are not exempt from attachment or execution (*id*. at PageID 146); and the name of the third person (Aplus) which may have possession of the Kits (*id*. at PageID 145). The Court therefore finds that Plaintiff has satisfied the requirements of Ohio Rev. Code § 2715.03.

In addition, however, because Plaintiff asks the Court to issue the order of attachment without notice or hearing, Plaintiff must satisfy the additional requirements imposed by Ohio Rev. Code § 2715.045. Namely, Plaintiff must establish that its motion is supported by probable cause and that it will suffer irreparable injury if the order is

delayed until Defendants have been afforded a hearing. The Court may find that Plaintiff risks irreparable injury only if

> (1) There is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court; [or]
> (2) The value of the property will be impaired substantially if the issuance of an order of possession is delayed.

In the instant case, the Court finds that Plaintiff's Motion, in conjunction with the affidavit of Eric Johnson and associated exhibits, establishes probable cause to support the issuance of a prejudgment order of attachment. With respect to irreparable injury, Plaintiff asserts that, based in part upon past conduct by SSC, "there is a present danger that the SSC [sic] will further conceal or dispose of the . . . Kits by transferring them to Aplus." (ECF No. 4-1, PageID 145–46.) The Court therefore finds that Plaintiff has established that there is probable cause to believe that it will suffer irreparable injury if the order is delayed until Defendants have been given the opportunity for a hearing.

The Court therefore **ORDERS** as follows:

Plaintiff's Ex Parte Motion for Issuance of Prejudgment Orders of Attachment is **GRANTED**.

The United States Marshal is commanded to attach and take into its custody the property, hereinafter described, of Defendants School Supply Connection, Inc., Aplus Science, and Timothy Peyton. The United States Marshal shall hold such property in a secure place pending further order of this Court. If removal of the property from the place(s) in which it is detained is prohibitively costly or difficult, the Marshal shall notify

this Court immediately and shall conspicuously post a notice of possession at the place(s) where the property is detained.

A description of the property to be seized is as follows: certain kits and miscellaneous educational materials, as detailed in Plaintiff's Exhibit D (ECF No. 4-1, PageID 224–30). Movant/Plaintiff shall make reasonable efforts to assist the United States Marshal in identifying the property.

The last known location of the property was in the possession of some or all of the above Defendants at 4254 Display Lane, Dayton, Ohio 45429, or at 2798 Edwin Dr., Beavercreek, Ohio 45434.

The United States Marshal shall, at the time they take possession of the property, make a true inventory and appraisement of the same, which inventory they shall set forth an affidavit and returned with this Order.

The United States Marshal shall, at the time they take possession of the property, deliver a copy of this Order of Attachment to each Defendant or to its agent. If the United States Marshal is unable to locate a Defendant or an agent thereof, they shall leave a copy of this Order of Attachment conspicuously posted at the place from which the property was seized.

Pursuant to Ohio Rev. Code § 2715.044, this Order shall not be effective until Plaintiff files with the Court a bond to Defendants in the amount of Four Million Four Hundred Thousand Dollars ($4,400,000.00) to the effect that, should judgment be issued against the Plaintiff, Plaintiff will return the property taken or pay the value so assessed, at the election of Defendants, and also pay the damages suffered by Defendants as a

result of the taking and detention of, and any injury to, the property and costs of the action. The cost of the bond shall be taxed as costs.

Pursuant to Ohio Rev. Code § 2715.26, Defendants may recover possession of the subject property by executing a bond to Plaintiff in the amount of Four Million Four Hundred Thousand Dollars ($4,400,000.00) to the effect that Defendants will perform the judgment of the Court, the attachment shall be discharged and restitution made of any property taken under it, or the proceeds thereof. Such bond shall also discharge the liability of a garnishee in the action for property of Defendants in their hands. In lieu of the bond, the respondent/Defendant may deposit with the Clerk of the Court cash in the amount of One Million Five Hundred Dollars Four Million Four Hundred Thousand Dollars ($4,400,000.00).

A certified copy of this Order shall constitute authority for the United States Marshal to proceed as directed above. The United States Marshal is authorized to use any lawful means to enter any building or enclosure, other than an occupied dwelling unit, in which the property herein identified is detained and to seize the same. If United States Marshal enters any building or enclosure to take possession of the property without first obtaining permission to enter, they shall file with this Court, on the next business day, an affidavit setting forth the circumstances of such entry and the reasons that they were unable to obtain voluntary admittance.

**IT IS SO ORDERED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).