IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-cv-00083 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| SCHOOL SUPPLY CONNECTION, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING MOTION TO QUASH

This matter is before the Court on Defendants' Motion to Quash Subpoena and for Protective Order Regarding Banking Information ("Motion to Quash," Doc. No. 55). Because that Motion was filed on September 22, 2023, Plaintiff may timely respond on or before October 14, 2023. S.D. Ohio Civ. R. 7.2(a)(2). However, because the subpoena at issue orders compliance on September 29, 2023, the Court will issue its ruling on the **Motion to Quash** without the benefit of full briefing by the parties. The Court will defer its ruling on the **Motion for Protective Order** until after briefing has closed.

I.     BACKGROUND

This state-law breach of contract action is brought under the Court's diversity jurisdiction. 28 U.S.C. § 1331. The parties are creators and supplies of educational supplies who previously entered into a vendor agreement. (Complaint, Doc. No. 1; Answer, Doc. No. 21.) Plaintiff asserts claims for anticipatory breach of contract, breach of contract, replevin, and fraudulent transfer. (Complaint, Doc. No. 1.)

1

Pursuant to Fed. R. Civ. P. 30(b), Plaintiff notified Defendants of its intent to serve a subpoena *duces tecum* on and subsequently depose non-party Fifth Third Bank ("the Bank"). (Doc. No. 55-1.) The subpoena orders the Bank's Custodian of Records to appear at the Florida office of Plaintiff's counsel on September 29, 2023 and produce the following documents:

> Request No. 1: Monthly account statements and supporting checks, wires, withdrawals, and/or deposits for SSC's Account Ending in 1933.
>
> Request No. 2: Monthly account statements for any other SSC accounts held at Fifth Third.
>
> Request No. 3: Monthly account statements for any accounts in the name of A Plus held at Fifth Third.
>
> Request No. 4: All Documents identifying all persons and addresses currently or formerly associated with the Account Ending in 1933.
>
> Request No. 5: All Communications between You and SSC relating to any wire transfers or any other withdrawal requests from Account Ending in 1933.
>
> Request No. 6: All account opening documents for any account in the name of A Plus.

(*Id*. at PageID 1324-25.)

Defendants move the Court to quash this subpoena and to issue a protective order that prevents Plaintiff from obtaining this information through alternative means. (Motion to Quash, Doc. No. 55.)

## II. LAW AND ANALYSIS

### A. Defendant Has Standing To Challenge The Subpoena

"The issue of standing is a threshold issue which the Court must consider before addressing the merits of any challenges to the subject subpoenas." *FIP Realty Co. v. Ingersoll-Rand PLC*, No. 2:19-CV-03291, 2020 WL 6060412, at *2 (S.D. Ohio Oct. 14,

2020) (Preston Deavers, M.J.) "[A] party generally lacks standing to seek to quash a subpoena issued to a nonparty." *Lester v. Wow Car Co.*, No. 2:11-CV-850, 2013 WL 6018537, at *3 (S.D. Ohio Nov. 13, 2013) (Kemp, M.J.) However, an exception exists if the challenging party has a right or privilege in the material that is the subject of the subpoena. *Id*. This Court has recognized that this exception applies to subpoenas that direct a non-party bank to produce the party's banking records. *E.g.*, *FIP Realty*, 2020 WL 6060412, at *2 ("Personal rights or privileges supporting a claim to standing have been recognized with respect to . . . corporate bank records . . . " (citing to *Riding Films, Inc. v. John Does 129-193*, No. 2:13-CV-00046, 2013 WL 3322221, at *4 (S.D. Ohio July 1, 2013) (McCann King, M.J.) (further internal citations omitted))).

Here, although the subpoena is addressed to the Bank, it orders the production of Defendants' corporate banking records. *See FIP Realty*, 2020 WL 6060412, at *2. Defendants therefore have a "right or privilege" in the subpoenaed materials. *Id*. Accordingly, Defendants have standing to bring the instant Motion to Quash.

**B.      This Court Lacks Jurisdiction To Quash The Subpoena**

Federal Rule of Civil Procedure 45(d)(3) prescribes the circumstances in which a court either must or may quash a subpoena. That rule, however, clearly provides that such an order can only be issued by "the court for the district where compliance is required" unless that district court transfers the motion to this Court upon the subpoenaed person's consent or makes a finding of exceptional circumstances. Fed. R. Civ. P. 45(d)(3) & (f). The subpoena at issue requires compliance in Tallahassee, which is located in the Northern District of Florida. (Doc. No. 55-1.) Accordingly, Defendants must seek relief

in the United States District Court for the Northern District of Florida. This Court lacks the power to issue the order that Defendants seek. *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-CV-00087, 2014 WL 1576917 (S.D. Ohio April 18, 2014) (Rice, D.J.).

### III. CONCLUSION

For the reasons set forth above, Defendants' **Motion to Quash** (Doc. No. 55) is **DENIED** without prejudice. Defendants may renew their Motion to Quash in the United States District Court for the Northern District of Florida.

The Court defers its ruling on the **Motion for Protective Order** (Doc. No. 55) until after that Motion has been fully briefed.

**IT IS SO ORDERED.**

                                              */s/ Caroline H. Gentry*
                                              Caroline H. Gentry
                                              United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).