## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-cv-00083 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| SCHOOL SUPPLY CONNECTION, | : | |
| INC., *et al*., | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Quash Subpoena and for Protective Order Regarding Banking Information ("Motion for Protective Order," Doc. No. 55). The procedural background to that Motion is fully set forth in the Court's September 27 Order (Doc. No. 56) and need not be repeated here.  Briefly, Plaintiff served non-party Fifth Third Bank ("the Bank") with a subpoena *duces tecum* compelling production of various documents related to Defendant SSC's bank accounts. (*See* Doc. No. 55-1, PageID 1311-1325.) Defendants moved the Court to quash that subpoena and issue a protective order "precluding [Plaintiff] from accessing the requested information." (Doc. No. 55, PageID 1297.) To the extent that it sought to quash the subpoena, the Court denied that Motion. (Doc. No. 56.) To the extent that it sought a protective order pursuant to Fed. R. Civ. P. 26(c)(1), the Court deferred ruling until the Motion was fully briefed. (*Id*.) That briefing is now complete, and upon consideration thereof, the Court finds that Defendants' Motion for Protective Order is not well-taken.

1

## I.    LAW AND ANALYSIS

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides in relevant part:

A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

A trial court thus has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  However, the party seeking such an order[1] bears a threshold burden "of establishing good cause and a specific need for the protection sought." *Bonds v. U. of Cincinnati Med. Ctr.*, 1:15-CV-00641, 2017 WL 3671239, at \*9 (S.D. Ohio 2017) (Litkovitz, M.J.). Furthermore, any motion for protective order "must include" a certificate of good-faith conferral. Fed. R. Civ. P. 26(c)(1). *See also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery ***shall not be filed*** in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." (emphasis added)).

In this case, Defendants advance three grounds for the issuance of a protective order. First, Defendants argue that the information contained within their bank accounts

---

[1] Although Defendants are not the "person from whom discovery is sought," Fed. R. Civ. P. 26(c)(1), it is well-established that "a party has standing to seek a protective order to preclude discovery through subpoenas issued on third parties," *Drips Holdings, LLC v. Teledrip LLC*, 2021 WL 8342860, at \*4 (N.D. Ohio 2021) (citing to *United States v. Operation Rescue*, C-3-98-113, 223 F. Supp. 2d 696, 705 (S.D. Ohio 1999) (Rice, D.J.)).  This Court has already found that Defendants have standing to challenge the discovery at issue here (Doc. No. 56, PageID 1240-41) and Plaintiffs have not contested that finding.

2

has no relevance to any of the claims or defenses raised in this matter. (Doc. No. 55, PageID 1300-04). Second, Defendants argue that, if the Court does not issue a protective order, Plaintiff will obtain Defendants' "proprietary information . . . such as vendor and customer information," which would unfairly afford Plaintiff a competitive advantage in the school supplies market. (*Id*. at PageID 1304-05.) Third, Defendants note that Plaintiff's claims date from "shortly before the Termination Date [i.e., April 10, 2023]" but that Plaintiff's subpoena "requests information and documents from the outset of the Agreement[2], January 1, 2020." (*Id*. at PageID 1306.) Defendants therefore argue that "[t]he discovery sought by [Plaintiff] is overbroad and falls beyond the proportionality requirements for discovery." (*Id*. at PageID 1305.)

Plaintiff responds that Defendants have failed to meet their burden of showing good cause for a protective order on any of these three grounds. Specifically, with respect to Defendants' first argument, Plaintiff argues that Defendants' banking information is relevant to Plaintiff's claims because it will allow Plaintiff to "determin[e] how much of the Advances [paid by Plaintiff to Defendant under the Agreement] remain in [Defendant] SSC's account at the Bank and what SSC has done with those Advances." (Doc. No. 59, PageID 1353.) With respect to Defendants' second argument, Plaintiff argues that Defendants' bank records would not contain proprietary information of the kind Defendants describe and that, in any event, "the Federal Rules of Civil Procedure do no[t] bar discovery solely on unsubstantiated claims of proprietary information." (*Id*. at

---

[2] That is, the vendor agreement, previously concluded by the parties and terminated by Plaintiff, that gives rise to this action. (Doc. No. 55, PageID 1297.)

3

PageID 1355.) Finally, with respect to Defendants' third argument, Plaintiff concedes that it "only sought to terminate the Agreement in December of 2022." (*Id.* at PageID 1356.) However, Plaintiff argues that, because Plaintiff "transferred the Advances to SSC during the term of the Agreement," Defendants' banking activity during the entirety of the parties' contractual relationship is relevant to Plaintiff's claims and the information Plaintiff seeks is therefore proportional. (*Id.*)

The Court concludes that it cannot reach the merits of these arguments at this time, because the Motion does not certify that Defendants attempted to resolve this dispute in good faith without action by this Court. *See* Fed. R. Civ. P. 26(c)(1). Plaintiff asserts that, prior to filing their Motion for Protection Order, Defendants "did not even attempt to confer with [Plaintiff] regarding [their] objections to the discovery sought." (Doc. No. 59, PageID 1352). Defendants do not contest this assertion, but merely argue – without citing any supporting authority – that this failure "does not preclude issuance of a protective order." (Doc. No. 65, PageID 1619.)

The Court disagrees. Rule 26(c)(1) mandates that any motion for protective order "***must*** include a certification that the movant has in good faith conferred or attempted to confer with other affected parties" (emphasis added). This Court has repeatedly held that a certification of good-faith conferral is a "***prerequisite*** to a motion for a protective order." *Lee v. United States*, No. 2:17-CV-01090, 2020 WL 8333943, at *2 (S.D. Ohio 2020) (Preston Deavers, M.J.) (emphasis added); *accord NGOC Tran v. Chubb Group Ins. Cos.*, No. 2:14-CV-00447, 2015 WL 5047520 (S.D. Ohio 2015) (McCann King, M.J.). "This prerequisite is not an empty formality." *Ross v. Citifinancial, Inc.*, 203

4

F.R.D. 239, 240 (S.D. Miss. 2001) (cited by *Stoutamire v. Joseph*, 1:11-CV-00242, 2012 WL 6611441, at *4 (S.D. Ohio 2012) (Litkovitz, M.J.)). Instead, "the obligation of the parties to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Stoutamire*, 2012 WL 6611441, at *4 (internal quotations and citation omitted).

Defendants argue that the Court should excuse their procedural failure because, "[i]n light of [Plaintiff]'s efforts at a vast intrusion into financial information wholly irrelevant to the matters at hand in an obvious effort to gain a competitive advantage over [Defendant] SSC, its now-competitor, a conference would not resolve the matter [and] would be futile[,] and only Court intervention would suffice to resolve the matter at hand." (Doc. No. 65, PageID 1619.) But Rule 26 does not make an exception for futility, and this Court has repeatedly refused to recognize such an exception. *See, e.g.*, *Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.*, 2:15-CV-02820, 2016 WL 5372387 (S.D. Ohio 2016) (Preston Deavers, M.J.) (denying motion for sanctions because requirement of certification of good-faith conferral was not obviated by plaintiff's assertion "that it did confer with Defendant, but that the results of the conversation were inadequate and that further conferences would be futile"); *Crozin v. Crown Appraisal Group*, Nos. 2:10–CV–00581, 2:10–CV–00764, 2011 WL 3566004, at *2 (S.D. Ohio 2011) (Frost, D.J.) (sustaining Magistrate Judge's denial of motion for protective order "on its face" for failure to include certification of good-faith conferral and rejecting argument that certification was unnecessary because "any such discussions would have been futile"). *See also Avis Rent A Car Sys. v. City of Dayton*, Nos. 3:12-CV-00399, 3:12-CV-00405,

2013 WL 3781784, at *5 (S.D. Ohio 2013) (Rice, D.J.) (noting that "[t]he Court does not believe that disregarding the certification requirement of Civil Rule 37 or Local Rule 37 in any way promotes efficiency" and disapproving of "one party's unilateral decision to disregard its obligation to confer with opposing counsel").

## II.    CONCLUSION

In sum, for the reasons stated, the Court **DENIES** Defendants' Motion for Protective Order (Doc. No. 56) **WITHOUT PREJUDICE**. Defendants may renew its motion if all extrajudicial efforts to resolve the dispute are unavailing and Defendants fully comply with Fed. R. Civ. P. 26(c)(1) and S.D. Ohio Civ. R. 37.1.

Furthermore, as Plaintiff correctly notes (Doc. No. 59, PageID 1356-57), because the Court has denied Defendants' Motion for Protective Order, Plaintiff is presumptively entitled to the award of the reasonable expenses that it incurred in defending that motion. *See* Fed. R. Civ. P. 26(c)(3) & 37(a)(5). Accordingly, the Court **ORDERS** Defendants to show cause, in writing, no later than **THIRTY (30) DAYS** from the date of this Order, why the Court should not order Defendant to pay such expenses. Plaintiff may file a response no later than **TWENTY-ONE (21) DAYS** from the date of Defendants' filing.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

7