agreements" (including purported breaches thereof) into the Count. (*See id*. ¶ 139 (incorporating all allegations in the Counterclaim into Count 4)).

Even if the express contract did not foreclose equitable remedies, there is no allegation in the Amended Counterclaim of any services provided by anyone to Activate Learning outside of those under the alleged express contract between Activate Learning and SSC and thus the Vendor Agreement exclusively governs the Parties' relationship here. SSC uses the same allegation here as it does in its promissory estoppel claim. It claims SSC had expenditures expanding its IT "business management systems" and should be reimbursed for those. (*Id.* ¶ 144.) However, considering SSC alleges the business management systems were never actually integrated, SSC never conferred a benefit on Activate Learning and thus this claim fails on the first prong of a *quantum meruit* count. *See Fox Consulting Grp., Inc*, 2022 WL 1100528 at *2. SSC's *quantum meruit* claim for the handling fees related to the repossessed books subject to its Count I breach of contract claim fails because that claim is governed by contract. *See Cook*, 2007 WL 710220 at *8. Therefore, Count 4, fails to state a claim on which relief can be granted and will be dismissed as well. *Ruggles v. Bulkmatic Transp. Co*., No. C2-03-617, 2004 WL 5376213, at *6 (S.D. Ohio June 23, 2004) (dismissing *quantum meruit* claim because express contract governed the subject matter of the claim).

### IV. Conclusion

Because Plaintiff's proposed amendments would survive a motion to dismiss, the Court **GRANTS** Plaintiff's motion for leave to file Amended Complaint. (Doc. 76.) Because Defendant has failed to allege a cause of action against Plaintiff the Court **GRANTS** plaintiff's Motion to Dismiss Defendants' Amended Counterclaim, (Doc. 83), and finally, as noted in footnote 1, page 16, *supra*, because the Court will not countenance briefing unsupported by

proper citations, the Court **GRANTS** Defendants ten days to file an addendum to memoranda relating to pending motions, including Doc. 63, PageID 1700 and Doc. 78, PageID 1874, that provides pinpoint citations that support Defendants' assertions in those pending motions.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, August 15, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
