IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-cv-00083 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SCHOOL SUPPLY CONNECTION, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR
CLARIFICATION (DOC. NO. 60) AS MOOT**

This case arises from alleged breaches of a contract between Plaintiff SASC, LLC ("SASC") and Defendant School Supply Connection, Inc. ("SSC") concerning the sale and storage of assorted educational supplies. (Complaint, Doc. No. 1.)

On April 3, 2023, pursuant to Ohio Rev. Code Ch. 2715 and Fed. R. Civ. P. 64, this Court issued an Order of Attachment (Doc. No. 10). That Order directed the United States Marshals Service to secure certain property held at Defendants' warehouse and to "make a true inventory and appraisement of the same." (*Id.* at PageID 280.)

On October 16, 2023, Defendant SSC filed a Motion for Clarification of Procedures and Processes Required by Opinion and Order of April 3, 2023, for Compliance therewith, and Alternatively, Second Motion for Discharge of Attachment ("Motion for Clarification," Doc. No. 60). Citing "insufficient and inaccurate inventory and no apparent appraisement procedure," Defendant SSC "request[ed] an Order from

1

this Court setting forth . . . requirements clarifying the Attachment Order." (*Id*. at PageID 1359-60, 1370.) In the alternative, Defendant SSC requested that the Court discharge the Order of Attachment, arguing that the deficiencies in the inventory process were so severe as to require the Order to be discharged. (*Id*. at PageID 1360.)

On November 2, 2023, the Court conducted an in-person hearing on Defendant SSC's Motion. Counsel for the parties appeared and presented argument. The Court also heard from United States Marshal Andrew Siefring and warehouse manager Stacy Wolford. By the conclusion of the hearing, the parties had reached a consensus regarding the procedure to be observed as the inventory process progressed.

On November 30, 2023, the Court conducted a telephone status conference with Counsel. No party indicated a need for further Court intervention regarding the inventory process. Since that time, the Court has received no indication that the course of action agreed to by the parties at the November 2 hearing has been unsuccessful.

The Court concludes that the parties have resolved any disagreements regarding the inventory process and that formal intervention by the Court is no longer necessary. Accordingly, Defendant SSC's Motion for Clarification (Doc. No. 60) is **DENIED AS MOOT**.

     **IT IS SO ORDERED.**

                                        */s/ Caroline H. Gentry*
                                        Caroline H. Gentry
                                        United States Magistrate Judge