IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SASC, LLC, | : | Case No. 3:23-cv-00083 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SCHOOL SUPPLY CONNECTION, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

# OPINION AND ORDER

This case arises from alleged breaches of a contract between Plaintiff SASC, LLC ("SASC") and Defendant School Supply Connection, Inc. ("SSC") concerning the sale and storage of assorted educational supplies. (Complaint, Doc. No. 1.) This matter is now before the Court to consider whether Defendant SSC should be required to pay Plaintiff SASC's costs and reasonable attorneys' fees incurred when responding to Defendant SSC's unsuccessful Motion to Quash Subpoena and for Protective Order Regarding Banking Information ("Motion for Protective Order," Doc. No. 55).[1]

**A.   Background**

On September 22, 2023, Defendant SSC moved the Court for a protective order preventing Plaintiff SASC from accessing certain banking information. (Doc. No. 55.)

---

[1] The Court previously indicated that the Motion for Protective Order was filed on behalf of *all* Defendants. (*See* Doc. No. 67.) However, as SSC notes (Doc. No. 70, PageID 1670), this was in error. That Motion was filed on behalf of SSC only. (*See* Doc. No. 55, PageID 1295 ("This Defendant, School Supply Connection, Inc. ("SSC"), moves this Court . . . ").)

1

The Court denied the Motion for Protective Order without prejudice on the ground that Defendant SSC had failed to comply with the meet-and-confer requirement set forth in Rule 26(c)(1) of the Federal Rules of Civil Procedure and S.D. Ohio Civil Rule 37.1. (Order, Doc. No. 67, PageID 1655.)

The Court further noted that because it "denied Defendant's Motion for Protective Order, Plaintiff is presumptively entitled to the award of the reasonable expenses that it incurred in defending that motion." (Doc. No. 67, PageID 1655.) The Court ordered Defendant SSC to show cause why it should not be ordered to pay the costs that Plaintiff SASC incurred in opposing that motion. (Doc. No. 67.) Defendant SSC filed a response to that Order (Doc. No. 70) and Plaintiff SASC filed a reply (Doc. No. 72).

### B. Legal Standard

When the Court denies a motion for protective order, it is required to award the prevailing party its reasonable expenses incurred when opposing that motion (including attorneys' fees) unless it finds that the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 26(c)(3) & 37(a)(5)(B). The Sixth Circuit describes the relevant standard as follows:

> A motion is 'substantially justified' if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. . . . [T]he one connotation most naturally conveyed by the phrase . . . is not 'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person.

*Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 765 (2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (cleaned up)).

2

Expanding upon this standard, this Court has held that "[i]f there is an absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified." *Meyer v. Bank of Am.*, No. 2:18-CV-00218, 2019 WL 7820519, at *2 (S.D. Ohio March 8, 2019) (Jolson, M.J.) (quoting *Libertarian Party of Ohio v. Husted*, No. 2:13-CV-00953, 2017 WL 2544084, at *2 (S.D. Ohio June 12, 2012) (Kemp, M.J.) (further internal citations omitted)).

**C.      Analysis**

The Court denied the Motion for Protective Order because Defendant SSC did not comply with the meet-and-confer requirement set forth in Fed. R. Civ. P. 26(c)(1) and S.D. Ohio Civ. R. 37.1. The first question before the Court is whether SSC's failure to comply with this meet-and-confer requirement is contrary to controlling authority. If so, then "reasonable people" could not "differ as to the appropriateness" of filing the Motion for Protective Order and it was not substantially justified. *Doe*, 407 F.3d at 755.[2]

The Federal Rules of Civil Procedure and this Court's Civil Rules clearly and unequivocally require the parties to meet and confer before filing a motion for protective order. Federal Rule of Civil Procedure 26(c)(1) provides that a motion for protective order "***must*** include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without

---

[2] As Plaintiff SASC notes (Doc. No. 72, PageID 1681), arguments regarding the substantive merits of Defendant SSC's Motion (which the Court did not reach) are irrelevant to this analysis.

court action." Fed. R. Civ. P. 26(c)(1) (emphasis added). This Court's Civil Rule 37.1 similarly provides that "motions . . . relating to discovery **shall not** be filed in this Court . . . unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1 (emphasis added).

These rules constitute controlling authority that is directly contrary to Defendant SSC's filing of the Motion for Protective Order. This Court's prior decisions also provide such controlling authority. *E.g.*, *Crozin v. Crown Appraisal Group*, Nos. 2:10–CV–00581, 2:10–CV–00764, 2011 WL 3566004, at *2 (S.D. Ohio Aug. 15, 2011) (Frost, D.J.) (sustaining Magistrate Judge's denial of motion for protective order "on its face" for failure to include certification of good-faith conferral and rejecting argument that certification was unnecessary because "any such discussions would have been futile"); *see also, e.g.*, *Lee v. United States*, No. 2:17-CV-01090, 2020 WL 8333943, at *2 (S.D. Ohio Sept. 22, 2020) (Preston Deavers, M.J.) (describing meet-and-confer requirement as a "***prerequisite*** to a motion for protective order" (emphasis added)); *NGOC Tran v. Chubb Group Ins. Cos.*, No. 2:14-CV-00447, 2015 WL 5047520 (S.D. Ohio Aug. 27, 2015) (McCann King) (same).

Accordingly, the Court finds that Defendant SSC was not substantially justified in filing its Motion for Protective Order. *See DiOrio v. TMI Hosp.*, No. 4:15-CV-01710, 2017 WL 2455798, at *3 (N.D. Ohio May 19, 2017) ("Plaintiff's failure to comply with this Court's Local Rules, specifically Local Rule 37.1, negates a finding of substantial justification.").

Furthermore, no circumstances would render the award of expenses unjust in this case. Defendant SSC argues that it would be unjust for Plaintiff to recover both the documents for which SSC sought a protective order *and* the fees incurred in opposing such an order. (Doc. No. 70, PageID 1670.) But this is precisely the outcome that Rules 26(c)(3) and 37(a)(5)(B) contemplate: a party that successfully opposes a motion for protective order is presumptively entitled to recover its attorneys' fees. There is no inherent unfairness in a result dictated by the ordinary operation of the rules.

For these reasons, the Court finds that Plaintiff SASC is entitled to an award of the reasonable expenses that it incurred in defending against Defendant SSC's Motion for Protective Order. Not later than **THIRTY (30) DAYS** from the date of this Order, Plaintiff is **ORDERED** to file a statement setting forth its reasonable expenses. Defendant SSC may file a response to the statement within **FOURTEEN (14) DAYS** of the date it is filed, and Plaintiff SASC may file a reply within **SEVEN (7) DAYS** of Defendant SSC's response. The Court will then order payment by separate entry.

**IT IS SO ORDERED.**

                                        */s/ Caroline H. Gentry*
                                        Caroline H. Gentry
                                        United States Magistrate Judge